RIGHT CONCEPTS, INC., Plaintiff

v.

Kim PIZZINGRILLI, In Her Official Capacity as Secretary of the Commonwealth of Pennsylvania, Karl E. Emerson, In His Official Capacity as Director of the Commonwealth of Pennsylvania, Bureau of Charitable Organizations, and Commonwealth of Pennsylvania, Defendants

No. 4:CV–01–0516.

United States District Court, M.D. Pennsylvania.

Dec. 12, 2001.

Harvey Joseph Volzer, Washington, DC, Michael Boos, Fairfax, VA, for plaintiff.

R. Douglas Sherman, Attorney General's Office, Harrisburg, PA, Charles Randolph Wolfe, Jr., Blank Rome Comisky & McCauley LLP, Washington, DC, for defendant.

### MEMORANDUM

McCLURE, District Judge.

## BACKGROUND:

Right Concepts, Inc. (RCI) is a Virginia-based for-profit corporation that assists Virginia-based charities with fundraising. RCI has filed suit against the Commonwealth of Pennsylvania and various Commonwealth officers in their official capacities. According to RCI, the Commonwealth of Pennsylvania and its agents have been violating various provisions of the United States Constitution by attempting to force RCI to comply with Pennsylvania's charitable organizations statute, the Solicitation of Funds for Charitable Purposes Act (the Act), 10 P.S. §§ 162.1–162.24. Before the court is defendants' motion to dismiss, in which they ask the court to abstain from deciding the case. Because we are faced with the unsettled state-law question of whether RCI must indeed comply with the Act, and because a state-court finding that RCI is not covered under the Act would cause defendants to cease their conduct and thus eliminate the need for a federal constitutional analysis of the statute, we will grant the motion and abstain from the action.

## DISCUSSION:

### I.  12(b)(6) STANDARD

A motion to dismiss under Rule 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). In reviewing a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations of the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *Board of Trustees of Bricklayers and Allied Craftsmen Local 6 of New Jersey v. Wettlin Assoc., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001) (citation omitted).

"A court may dismiss a complaint only if it is clear that no relief could be granted

under any set of facts that could be proven consistent with the allegations." *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195–96 (3d Cir.2000) (citing *Alexander v. Whitman*, 114 F.3d 1392, 1398 (3d Cir. 1997)). "The issue [under Rule 12(b)(6) ] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir.2000) (citations and internal quotation marks omitted).

"When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *City of Pittsburgh v. West Penn Power Comp.*, 147 F.3d 256, 259 (3d Cir.1998) (citation omitted).

## II. FACTS AND PROCEDURAL HISTORY

The Act requires a charitable organization to register with the Commonwealth of Pennsylvania if the organization intends to solicit funds within the Commonwealth. The statute also imposes disclosure and registration requirements on any for-profit company that is retained by a charitable organization to provide fundraising services relating to the solicitation of funds in Pennsylvania. The for-profit company is labeled either a "professional fundraising counsel" or a "professional solicitor," depending principally on the character of the compensation it receives from the charitable organization.

RCI is a Virginia-based company that has entered into written agreements with various charitable organizations to assist with fundraising by preparing and facilitating direct mail correspondence. The company asserts that it does not purposefully conduct business in Pennsylvania.

RCI contends that the Commonwealth of Pennsylvania has been unconstitutionally applying the Act at the company's expense. According to RCI, the Commonwealth has been sending its agents into Virginia to force RCI to (1) alter its agreements with the charitable organizations so that the agreements comply with the Act; and (2) register with the Commonwealth of Pennsylvania as a professional fundraising counsel. Defendants have concluded that they have the right to regulate RCI's Virginia-based activities because RCI's clients at various points in time have mailed RCI-prepared communications to persons located in Pennsylvania. RCI claims that Pennsylvania's actions violate the federal Constitution, specifically the First Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, the Commerce Clause, and the Supremacy Clause. It seeks a declaration that defendants' behavior is unconstitutional and an injunction halting their conduct.

The case was originally brought in the Circuit court for the County of Fairfax, Virginia. As the complaint is brought under 42 U.S.C. § 1983, alleging violations of plaintiff's rights under the federal constitution, defendants properly removed the action to the United States District Court for the Eastern District of Virginia. Citing convenience to defendants, the federal district court in Virginia transferred the case to this court.

## III. ANALYSIS

In their motion to dismiss, defendants raise two overarching issues. First, they move to dismiss the complaint as to the Commonwealth of Pennsylvania on the interrelated grounds that the Commonwealth is not a "person" under § 1983, and that the Eleventh Amendment gives the Commonwealth immunity from suit in federal court. Second, they request the court

to abstain, by exercising the authority set forth in one or both of the abstention principles articulated in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Defendants argue that in part because of RCI's lack of contact with Pennsylvania, it is unclear whether the company is a professional fundraising counsel as defined under the statute, and that given that defendants are taking action against RCI because they believe that it is a professional fundraising counsel, a state-court determination that RCI is not a professional fundraising counsel would cease defendants' conduct and therefore moot RCI's federal constitutional claims.

■ While the Supreme Court has recognized several types of abstention, we focus today on the concept known as *Pullman* abstention. *Pullman* abstention applies " 'in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.' " *Planned Parenthood of Central New Jersey v. Farmer*, 220 F.3d 127, 149 (3d Cir.2000) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). "[A]bstention under *Pullman* is appropriate where an unconstrued state statute is susceptible of a construction by the state judiciary which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem." *Id.* (citing *Bellotti v. Baird*, 428 U.S. 132, 147, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976)) (internal quotation marks omitted). Where appropriate, federal courts invoke *Pullman* abstention to avoid needless friction with state policies. *See Presbytery of New Jersey of the Ortho-*dox *Presbyterian Church v. Whitman*, 99 F.3d 101, 106 (3d Cir.1996) (citations omitted).

Before a federal court may abstain under *Pullman*, three "exceptional" circumstances must be present. "First, there must be 'uncertain issues of state law underlying the federal constitutional claims.' " *Farmer*, 220 F.3d at 149 (quoting *Whitman*, 99 F.3d at 106). "Second, the state law issues must be amenable to a state court interpretation which could 'obviate the need to adjudicate or substantially narrow the scope of the federal constitutional claim.' " *Id.* at 149–150 (quoting *Whitman*, 99 F.3d at 106). "Third, it must be that 'an erroneous construction of state law by the federal court would disrupt important state policies.' " *Id.* at 150 (quoting *Whitman*, 99 F.3d at 106).

■ Even if all three circumstances exist, the federal court retains the discretion whether or not to abstain. The court must determine "whether abstention is appropriate by weighing such factors as the availability of an adequate state remedy, the length of time the litigation has been pending, and the impact of delay on the litigants." *Id.* (citing *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1270 (3d Cir.1996)).

■ *Pullman* abstention requires first that the federal court be faced with an uncertain issue of state law underlying the plaintiff's constitutional claims. Defendants contend that if RCI is not considered to be a professional fundraising counsel for purposes of the Act, their conduct would cease and RCI's federal claims would be rendered moot.

Under the Act, "professional fundraising counsel" is defined as follows:

Any person who is retained by a charitable organization for a fixed fee or rate under a written agreement to plan, man-

age, advise, consult or prepare material *for or with respect to the solicitation in this Commonwealth* of contributions for a charitable organization, but who does not solicit contributions or employ, procure or engage any compensated person to solicit contributions and who does not have custody or control of contributions. A bona fide salaried officer or regular, nontemporary employee of a charitable organization shall not be deemed to be a professional fundraising counsel provided that the individual is not employed or engaged as professional fundraising counsel or as a professional solicitor by any other person.

10 P.S. § 162.3 (emphasis added).

The statute provides that in order for an entity to be a professional fundraising counsel, the entity must be retained by a charitable organization to provide services "for or with respect to the solicitation in this Commonwealth of contributions for a charitable organization ...." *Id.* RCI repeatedly alleges that it does no business in the Commonwealth of Pennsylvania. It even contends that "[i]t does nothing in Pennsylvania." (Plaintiff's Brief at 2.) The complaint states that defendants' actions are unconstitutional "insofar as Defendants have sought to impose the requirements of [the Act] on the Virginia-based activities, contracts and transactions between RCI and its Virginia-based customers." (Complaint at p. 9.) The essence of RCI's claim is that based on its "lack of contacts with the Commonwealth of Pennsylvania," it need not comply with the Act. (*See* Complaint at ¶ 25.) RCI is a corporation that assists charities with their fundraising endeavors. It follows that RCI would be covered under the Act only if it is deemed a professional fundraising counsel. The determinative question, then, is whether RCI is a professional fundraising counsel—that is, whether it provides services "for or with respect to the solicitation in this Commonwealth of contributions for a charitable organization"—even though it is completely isolated from the Commonwealth of Pennsylvania. The answer to this question would determine RCI's accountability under the Act.

■■■ To our knowledge, no court has analyzed this provision of the Act. We recognize that if the relevant state-law question is easily answerable, a federal court should ignore the federalism interests preserved by abstention and rule on the state-law issue before it. *See Marks v. Stinson,* 19 F.3d 873, 883 n. 6 (3d Cir.1994) (citation omitted); *Wisconsin v. Constantineau,* 400 U.S. 433, 439, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971) ("Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim."). We believe, however, that the disputed provision of the Act could reasonably be interpreted in more than one way. For example, a court could define doing business "for or with respect to" solicitation in Pennsylvania as providing services for the charity with the express purpose of assisting it to solicit contributions in Pennsylvania. If that is indeed the case, then RCI would not be a professional fundraising counsel because it apparently had no intention of dealing with Pennsylvania. If a court were to focus solely on the conduct of the charity after it does business with the fundraising company, then RCI probably would be a professional fundraising counsel due to the fact that its clients have solicited contributions from persons located in Pennsylvania. The point is that we are presented with an uncertain question of state law; thus the first *Pullman* requirement is satisfied.

■■ The next prerequisite to *Pullman* abstention is that the state-law issue is amenable to an interpretation which could

obviate the need to adjudicate or substantially narrow the scope of the federal constitutional claim. Based on RCI's own allegations and an independent examination of the complaint and its attachments, this condition is satisfied. The crux of RCI's claim is that defendants consider RCI to be a professional fundraising counsel, and because of this, they are unconstitutionally coercing RCI into complying with the Act. In their correspondence with RCI, defendants stated that RCI violated the Act "by providing professional fundraising counsel services for one or more charitable organizations which solicited contributions in Pennsylvania." (Letter from Karl Emerson to David W. Tyson, Exhibit 1 of Plaintiffs' Brief.) A determination that RCI is not a professional fundraising counsel (or a professional solicitor) would lead defendants to cease their conduct and would obviate the need to undertake any federal constitutional analysis.

■ The final consideration under *Pullman* abstention dictates that a court has the ability to abstain only if an erroneous construction of state law by the federal court would disrupt important state policies. We find this to be the case. The Commonwealth has a strong interest in regulating the conduct of organizations that assist charities. The legislative intent of the Act stresses that the statute's goal is to protect citizens from deceptive and dishonest statements by entities that seek to raise money in the name of charity. *See* 10 P.S. § 162.2. Surely, disclosure by a professional fundraiser is equally important, as the fundraiser profits from the acts of alleged charity. Giving too narrow a definition to the term "professional fundraising counsel" may encourage certain entities to attempt to avoid full disclosure to the public while secluding themselves from the Commonwealth. On the other hand, assigning the term an unduly broad definition may inundate the Commonwealth with more registration duties than would have anticipated. Either way, the Commonwealth courts are better-equipped to make this decision.

The three *Pullman* requirements are present, and we will exercise our discretion to abstain. An injunction by a Pennsylvania court would provide as suitable a remedy for RCI's injuries as would a federal injunction. The litigation is still in its early stages, and there is no indication that refiling its case in state court would flagrantly harm RCI.

Because we will abstain from the case under *Pullman,* we need not address any of defendants' remaining arguments. Consistent with the case law interpreting *Pullman,* we will enter a stay of jurisdiction—and not a dismissal—pending any decision by the Pennsylvania courts on RCI's coverage under the Act. *See* 17A Fed. Prac. & Proc. Juris.2d § 4243; *Williams v. Red Bank Board of Education,* 662 F.2d 1008, 1023 n. 15 (3d Cir.1981), (overruling on other grounds recognized, *Schall v. Joyce,* 885 F.2d 101, 108 (3d Cir.1989)); *Zwickler v. Koota,* 389 U.S. 241, 245 n. 4, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Trone v. Preate,* 770 F.Supp. 994, 1004 (M.D.Pa. 1991).

## CONCLUSION:

A state court determination that RCI is not a professional fundraising counsel would moot RCI's federal constitutional claims and therefore obviate the need for any federal constitutional analysis. Therefore, while we will not grant defendants' request to dismiss the case, we will abstain under *Pullman.* An appropriate order follows.

## ORDER

For the reasons stated in the accompanying memorandum,

**IT IS ORDERED THAT:**

1. Defendants' motion to dismiss is granted in part and denied in part.

2. Although defendants' request to dismiss the case will be denied, the court abstains from exercising jurisdiction, and the action will be stayed pending a resolution by the Pennsylvania state courts as to whether plaintiff RCI is a "professional fundraising counsel" under the Solicitation of Funds for Charitable Purposes Act.

3. The clerk is directed to close the case for administrative purposes; provided, however, that any party may file a motion to reinstate the case to active status and lift the stay, upon final disposition of the foregoing issue by the state courts of Pennsylvania.

4. The case will be closed permanently on December 31, 2003, if no motion is filed before that date either (a) to reinstate the case to active status or (b) to extend the period for filing such motion.